```
                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

DANNY HARRIS,                  :    NO. 1:09-CV-00362
                               :
    Plaintiff,             :
  v.                           :    **OPINION AND ORDER**
                               :
                               :
BLOCKBUSTER, INC.,             :
et al.,                        :
                               :
    Defendants.            :


On April 20, 2009, Plaintiff Danny Harris filed a Complaint against Defendants Blockbuster, Inc.[1] ("Blockbuster"), Lisa Hope ("Hope") and Matt Irwin ("Irwin") in the Hamilton County Court of Common Pleas, alleging race and age discrimination in violation of Ohio law, promissory estoppel, breach of contract and breach of public policy (doc. 2). Defendants removed the instant action to this Court on May 20, 2009 (doc. 1), alleging that the joinder of Hope was fraudulent and that, without her, diversity jurisdiction exists for this Court. Plaintiff responded with a motion to remand, filed June 19, 2009 (doc. 8), and Defendants responded thereto on July 10, 2009 (doc. 10). The motion has been fully briefed and is ripe for decision. For the reasons stated herein the Court DENIES the motion.

---

[1] Defendant Blockbuster notes that it should be correctly referred to as "Blockbuster Inc." but does not argue that "Blockbuster, Inc." does not refer to it.

**I. BACKGROUND**

Plaintiff worked for twelve years as an employee of Blockbuster, starting first in California and moving to Ohio in 2007, where, as District Manager, he had responsibility for seventeen Blockbuster stores (doc. 8). At the time of the allegations that form the basis of the Complaint, Hope, as Regional Director of Operations, was Plaintiff's supervisor. (doc. 2) At some point in February 2009, the Loss Prevention Division at Blockbuster initiated an investigation of Plaintiff (Id.). Defendants aver that the investigation was born of an anonymous complaint that Plaintiff had used Blockbuster money to purchase items on behalf of stores, which items the stores never received (doc. 10). Irwin was responsible for the investigation (doc. 8). Plaintiff avers that he was assured by Hope that disciplinary proceedings would not occur without his participation; that he would be treated fairly; that the review and discipline procedures used would be consistent with Blockbuster's progressive discipline policy; and that he would be treated as other employees are treated (doc. 2). Plaintiff's employment was terminated after the investigation on February 23, 2009 (doc. 8).

Plaintiff is an African American who was over 40 years old when his employment was terminated, and he is an Ohio resident (doc. 8). Blockbuster is a corporation formed under Delaware law, with its principal place of business in Texas (doc. 10). Irwin is,

according to Defendants, a Tennessee resident (Id.).[2]  Hope is an Ohio resident (doc. 8).  Because Hope and Plaintiff are both Ohio residents, diversity jurisdiction would be unavailable to this Court were all Defendants found to be legitimately joined.  However, Defendants aver that Hope's joinder was fraudulent, made in an attempt to defeat diversity of citizenship and divest this Court of jurisdiction (doc. 2).  The Court finds Defendants' arguments persuasive.

**II. LAW AND DISCUSSION**

Title 28, U.S.C. § 1441(b), provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The jurisdictional question in this case is whether Hope was

---

[2] Plaintiff states in his Complaint that Irwin was "at all times relevant to this lawsuit Loss Prevention Manager at Blockbuster employed in Hamilton County, OH, working out of the Michigan Avenue Office" (doc. 2).  However, Defendants state in their Motion to Remove that Irwin was, at all relevant times, a resident of Tennessee (doc. 1).  Plaintiff does not refute this in his Motion to Remand and, indeed, misstates Defendants' claim of fraudulent joinder (doc. 2).  Plaintiff states that Defendants assert fraudulent joinder as to both Irwin and Hope when, in fact, the claim is to Hope alone (doc. 2).  In his Motion to Remand, Plaintiff presents no discussion as to Irwin (doc. 10).  Because the issue of Irwin's diversity is not before the Court on this Motion, and does not appear to actually be contested, the Court will address the issue of fraudulent joinder as to Hope only.

3

a "part[y] in interest properly joined ... as [a] defendant[]." If not, complete diversity exists, and Defendants have a right to remove the case to this Court based upon diversity of citizenship. If Hope was properly joined as a defendant, complete diversity does not exist, and this Court must grant the motion to remand for want of jurisdiction.

The burden of establishing federal jurisdiction in this case is upon the Defendants as the removing party. Gafford v. General Electric Co., 997 F.2d 150, 155 (6th Cir. 1993); Charles A. Wright, Arthur A. Miller, et al., *Federal Practice and Procedure*, Vol. 14A, § 3721 (1985). The removing party, therefore, bears the burden of demonstrating fraudulent joinder, Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 330 (6th Cir. 1989), and "that burden is a heavy one." Little v. Purdue Pharma, L.P., 227 F.Supp. 2d 838, 845 (S.D. Ohio 2002).

Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action. Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999).[3] When the removing party demonstrates that a non-diverse party has been fraudulently joined, remand to state court may be avoided. Id. To prove fraudulent joinder, the removing

---

[3] Plaintiff correctly notes that fraudulent joinder, despite the connotations of the term, requires no showing of intent to deceive; indeed, motive in joining a particular party is immaterial to the Court's analysis. See Jerome-Duncan, 176 F.3d at 907.

4

party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th. Cir. 1994). However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The Court must resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party." Id. All doubts as to the propriety of removal are resolved in favor of remand. See id.

Plaintiff's Causes of Action

A. Race and Age Discrimination

Plaintiff claims, as to Blockbuster only, race and age discrimination in violation of Ohio Revised Code §§ 4112.02 and 4112.99 and, as to Blockbuster only, breach of contract (doc. 2). As to all defendants, Plaintiff claims promissory estoppel, violation of public policy, and punitive damages (Id.). In his Motion to Remand, Plaintiff argues that the age and race discrimination claims are "inadvertently" lodged against Blockbuster only, and that the "reference is in the caption of the claim, and not part of the allegations" (doc. 8). This Court cannot, however, impute into his Complaint the intentions Plaintiff avers in his Motion to Remand. Absent an amended complaint, this Court looks to the Complaint for the alleged causes of action, and

5

Plaintiff clearly and unambiguously delineated between causes of action averred against <u>Blockbuster only</u> and those averred against <u>all defendants</u>. Plaintiff's Complaint, as to Hope, simply fails to provide "fair notice of what the ... claim is and the grounds upon which it rests." See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), effectively overruled in other respects by <u>Twombly</u>.

Plaintiff argues that Hope was put on notice as to the race and age discrimination claim, even though these were explicitly directed against Blockbuster only, because Hope was Plaintiff's supervisor, and Ohio recognizes supervisor liability for discrimination in violation of the relevant statute (doc. 8). In addition, Plaintiff argues that the Complaint's statement "All previous allegations are incorporated by reference as if fully rewritten," which is located just below each of his specific claims for relief, including those directed "As to Blockbuster Only," somehow provides all defendants with "sufficient notice of the claims" (doc. 8). The Court finds this argument unpersuasive. The Complaint very clearly distinguishes between claims against Blockbuster only and those against all defendants. Even if Hope were imputed with Plaintiff's understanding of Ohio law with respect to supervisor liability on age and race discrimination claims, the Complaint simply does not put Hope on notice that Plaintiff alleges age and race discrimination against <u>her</u>. She

6

could be liable under <u>Genaro v. Central Transport, Inc.</u>, 84 Ohio St. 3d 293 (Ohio, 1999), as Plaintiff contends, but that does not mean that Plaintiff did or must bring a claim against her. To the extent such a claim is possible against Hope, Plaintiff's Complaint clearly indicates that he made a choice not to pursue it.

Therefore, the Court must assess whether Plaintiff has stated a colorable cause of action against Hope with respect only to the promissory estoppel and violation of public policy claims, the only two claims Plaintiff has actually asserted against Hope.

B. <u>Promissory Estoppel</u>

To support a claim for promissory estoppel under Ohio law, the proponent must demonstrate "a promise, clear and unambiguous in its terms, reliance by the party to whom the promise is made, the reliance must be reasonable and foreseeable, and the party claiming estoppel must be injured by the reliance." <u>Cohen & Co. v. Messina</u>, 492 N.E.2d 867, 872 (Ohio Ct. App. 1985) (citations omitted). As the Sixth Circuit Court of Appeals noted in a case interpreting Ohio's application of promissory estoppel to the employment setting, the test is "whether the employer should have reasonably expected its representation to be relied upon by its employee." <u>Kasuri v. St. Elizabeth Hosp. Medical Center</u>, 897 F.2d 845, 855 (6th Cir. 1990), quoting <u>Kelly v. Georgia-Pacific Corp.</u>, 46 Ohio St. 3d 134, 139 (Ohio, 1989).

The plaintiff in <u>Kasuri</u> was a physician working as an

7

extern and then a research assistant at a hospital to which she repeatedly applied for a residency position and was repeatedly denied. Kasuri, 897 F.2d at 847. Kasuri based her promissory estoppel claim on the allegation that she was promised a residency position by two individual physicians employed by the hospital, contingent on her continuing service as a research assistant; both physicians denied making any such promise. Id. Kasuri sued both the hospital and the individual physicians, claiming, inter alia, promissory estoppel based on these statements. Id. at 852. The district court dismissed the individual physicians, finding that their statements and actions were made within the scope of their authority as employees of the hospital, thus making the hospital, not the individuals, responsible. Id. at 854. The Sixth Circuit affirmed: "Because the individuals were acting in their official capacity, they are not liable as individuals for any promises or representations that they may have made...the dismissal of the [individual] defendants...was proper." Id.

Here, Plaintiff's promissory estoppel claim against Hope rests on the allegation that Hope essentially assured Plaintiff that the investigation would be conducted fairly and according to Blockbuster's policies and procedures. This Court is not persuaded that the statements alleged rise to the level of a "clear and unambiguous promise." Even if they do, however, Plaintiff must still prove that Hope should have reasonably expected these

8

assurances to "induce action or forbearance" on his part, that he did act or forbear accordingly, to his detriment. Plaintiff claims that he reasonably relied on these assurances and forbore taking action to protect his job, including speaking with an attorney. This Court does not believe that such forbearance could be reasonably expected as a result of the statements Hope allegedly made. However, even if such forbearance was reasonable, Plaintiff's claim of promissory estoppel as to Hope fails as Plaintiff has not alleged that Hope's statements were made outside the scope of her official capacity as supervisor. As such, to the extent a promissory estoppel claim exists, it is proper only as to Blockbuster, as Plaintiff's employer.

### C. Public Policy

In Ohio, absent an employment contract, the employer/employee relationship is considered at-will. Painter v. Graley, 70 Ohio St.3d 377, 382 (Ohio 1994). The employer may therefore terminate the employee's employment for any lawful reason, and the employee may leave the relationship for any reason. Id. However, "when an employee is discharged or disciplined for a reason which is prohibited" by clear public policy as discerned from statute, regulations, the common law or the state or federal constitution, the employee may avail himself of the public-policy exception to the employment-at-will doctrine. Greeley v. Miami Valley Maintenance Contrs., Inc., 49 Ohio St. 3d 228, 234 (Ohio

1990).

To state a claim of wrongful discharge in violation of public policy, a plaintiff must satisfy the following four elements: (1) a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law; (2) dismissing employees under circumstances as those involved in plaintiff's dismissal jeopardizes the public policy; (3) plaintiff's dismissal was motivated by conduct related to the public policy; and (4) the employer lacked overriding legitimate business justification for the dismissal. <u>Collins v. Rizkana</u>, 73 Ohio St. 3d 65, 69-70 (Ohio, 1995).

Plaintiff avers that Ohio has a clear public policy that "[a]ffording employees due process in an investigation involves important property rights that [are] fundamental to our system of justice." The Court disagrees and finds that as to Hope, Plaintiff has failed to articulate a clear public policy sufficient to invoke the exception to the employment-at-will doctrine. However, even if the policy articulated by Plaintiff does rise to the level of clear public policy contemplated and required by Ohio law, Plaintiff has failed to allege conduct implicating the remaining three elements of the tort. Therefore, Plaintiff has no colorable cause of action against Hope for wrongful discharge in violation of Ohio's public policy.

**III. CONCLUSION**

For the foregoing reasons, the Court finds that Defendant Hope is fraudulently joined. Therefore, the Court DENIES Plaintiff's Motion to Remand (doc. 8).

SO ORDERED.

Dated: September 1, 2009    /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge